UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MOUNT VERNON FIRE INSURANCE CO.,
a foreign corporation,

     Plaintiff,         CASE No.:

vs.

12590 CORONADO TOWERS CONDOMINIUM, INC.,
BONAFIDE MANAGEMENT GROUP, INC.,
BONAFIDE MANAGEMENT GROUP, LLC,
MARTHA CUESTA DE DIAZ and DIAZ CUESTA
ASSET MANAGEMENT, LLC,

     Defendant.

_____/

## **COMPLAINT FOR DECLARATORY RELIEF**

   Plaintiff, MOUNT VERNON FIRE INSURANCE COMPANY, sues Defendants, 12590 CORONADO TOWERS CONDOMINIUM, INC., BONAFIDE MANAGEMENT GROUP, INC., BONAFIDE MANAGEMENT GROUP, LLC, MARTHA CUESTA DE DIAZ and DIAZ CUESTA ASSET MANAGEMENT, LLC, for declaratory relief and alleges as follows:

### **Nature of Suit**

   1.  This is an action for declaratory relief to declare the rights and obligations of parties under a policy of liability insurance.

   2.  MOUNT VERNON seeks a declaration that no coverage is afforded under its commercial general liability insurance policy for any damages which have been alleged against Defendants, CORONADO, BONAFIDE, INC. and BONAFIDE, LLC in the underlying *Diaz* class action and that MOUNT VERNON has no duty to defend or indemnify these Defendants in that action.

313837303.v1

3.     This declaratory judgment is sought to resolve an actual controversy between the parties regarding insurance coverage which is afforded to CORONADO, BONAFIDE, INC. and BONAFIDE, LLC under MOUNT VERNON's liability policy.

### Jurisdiction and Venue

4.     This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

5.     This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based upon the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under a liability insurance policy.

6.     The underlying lawsuit was brought as a purported class action on behalf of all CORONADO unit owners seeking damages in excess of $1,000,000 for "economic loss monetary damages on a class-wide basis for the diminution in value, the weeks and likely months owners and residents may have been or will be deprived of the full or partial use of their homes for current disrepair and necessary future remediation."

7.     MOUNT VERNON's policy, which is the subject of this lawsuit affords liability coverage in the amount of $1,000,000 per "occurrence."

8.     The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees

9.     All conditions precedent to the filing of this action have occurred or have been complied with.

313837303.v1

## Parties

10.     Plaintiff, MOUNT VERNON FIRE INSURANCE COMPANY, ("MOUNT VERNON"), is a Nebraska corporation with its principal place of business in Wayne, Pennsylvania.

11.     Defendant, 12590 CORONADO TOWERS CONDOMINIUM, INC, ("CORONADO"), is a Florida corporation with its principal place of business in North Miami, Miami-Dade County, Florida.

12.     Defendant, BONAFIDE MANAGEMENT GROUP, INC., ("BONAFIDE, INC."), is a dissolved Florida corporation.  At all relevant times BONAFIDE, INC. had its principal place of business in Miami, Miami-Dade County, Florida.

13.     Defendant, BONAFIDE MANAGEMENT GROUP, LLC., ("BONAFIDE, LLC."), is a Florida limited liability company authorized to conduct business and conducting business in Miami-Dade County, Florida. BONAFIDE, LLC consists of a single member, Ricardo Russi, who is a citizen of Forida.

14.     Defendant, MARTHA CUESTA DE DIAZ, ("DIAZ"), is a citizen of Florida  and is *sui juris*.

15.     Defendant, DIAZ CUESTA ASSET MANAGEMENT, LLC, (DIAZ, LLC), is a Florida limited liability company, which consists of four members, Nelson R. Diaz, who is a citizen of Florida, Martha Cuesta De Diaz, who is a citizen of Florida, Wilson A. Diaz, who is a citizen of Washington State, and Sandra L. Diaz who is a citizen of Greensborough, Australia.

16.     Defendants, DIAZ and DIAZ, LLC, are named in this lawsuit individually and as class representatives, solely as interested parties. MOUNT VERNON seeks no affirmative relief

3

313837303.v1

from DIAZ or DIAZ, LLC other than to bind them to any judgment, which may be entered in this coverage action.

17.     MOUNT VERNON will diligently attempt to serve BONAFIDE, LLC., and DIAZ, LLC through their Registered Agent. However, if MOUNT VERNON is unable to do so, it shall proceed to serve BONAFIDE, LLC., and DIAZ, LLC by appointment of the Secretary of State as BONAFIDE, LLC's., and DIAZ, LLC's agent on whom all process in the instant action may be served. See Fla. Stat. Ann. § 48.181 and Fla. Stat. Ann. § 48.062.

## The *Diaz* Class Action

18.     On October 1, 2021, CORONADO and BONAFIDE, LLC were named as defendants in a class action lawsuit styled *Martha Cuesta De Diaz v. 12590 Coronado Towers Condominium, Inc. et al.*, Case # 2021-022394-CA-01, which action was filed and is presently pending in the Circuit Court for Miami-Dade County, Florida. ("*Diaz* action.")  The original complaint was amended several times and BONAFIDE, INC. was added as a defendant. A copy of the operative Fourth Amended Complaint from the *Diaz* action ("*Diaz* complaint"), is attached herein as **Exhibit "A"** and is incorporated by reference.

19.     The *Diaz* complaint alleged that on July 14, 2021, a City of North Miami building inspector, Steve Pizzillo, wrote a letter to CORONADO in which he declared that CORONADO's balconies were "unsafe to use until such time as remediation can be performed to ensure the safety of the unit owners." (*Diaz* complaint, at Par. 3)

20.     The *Diaz* complaint alleged that a September 09, 2021, Miami Herald article stated: "Inspections performed after the collapse of Champlain Towers found the Coronado

Towers had the 'most significant structural defect of any occupied building in North Miami.'" (*Diaz* complaint, at Par. 5)

21.     The *Diaz* complaint also alleged that in April 2020, CORONADO's cunsel wrote to all association members about changing property managers in order "to begin repairs that had gone without attention for years under prior management." (*Diaz* complaint, at Par. 95)

22.     In his April 2020 letter, CORONADO's cunsel further wrote that "for years needed repairs and maintenance to the Condominium Building had been unattended to" by CORONADO. (*Diaz* complaint, at Par. 96)

23.     The *Diaz* complaint alleged that the *Diaz* Plaintiffs that the class members "have all suffered direct and irreparable economic injury, property damage injury, and related consequential injuries to to Defendants' breaches of fiduciary, contractual and legal duties" and "seeks the award of economic loss monetary damages on a class-wide basis for the diminution in value, the weeks and likely months owners and residents may have been or will be deprived of the full or partial use of their homes for current disrepair and necessary future remediation." (*Diaz* complaint, at Par. 7.)

24.     MOUNT VERNON has agreed to defend CORONADO and BONAFIDE in the *Diaz* class action under a reservation of rights.

## MOUNT VERNON POLICY

25.     MOUNT VERNON issued Commercial General Liability policy number NPP2576100 to CORONADO as the named insured, which was in effect from November 30, 2020 to November 30, 2021. ("Policy").  Defendants, BONAFIDE, INC. and BONAFIDE, LLC,

313837303.v1

in their capacity as CORONADO's property managers, also qualify as insureds under the terms of the Policy. A true and correct copy of the Policy is attached hereto as **Exhibit "B."**

26. The Policy affords coverage for "bodily injury" and "property damage" caused by an "occurrence" and promises to defend the insured with regards to covered claims, in relevant part, as follows:

### SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.  Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period; and

        (3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

27. The Policy contains the following pertinent exclusion:

313837303.v1

1.      **Pre-existing or Progressive Damage**

This insurance does not apply to… "property damage", or any damage(s) arising out of or related to… "property damage", whether known or unknown,

(a) Which first occurred, or is alleged to have occurred, in whole or in part, prior to the inception date of this policy; or

(b) Which are, or alleged to be, in the process of occurring, in whole or in part, prior to the inception date of this policy, even if the "occurrence" continues, changes or resumes during the policy period; or

(c) Which is in the process of being reported, investigated, in litigation or settled as of the inception date of this policy.

This insurance does not apply to "property damage", or any damage(s) arising out of or related to "property damage", whether known or unknown, that arises out of the same or substantially the same condition or defect, or series of conditions or defects, which existed prior to the inception date of this policy, even if the condition or defect, or series of conditions or defects continues, changes or resumes during the policy period.

### COUNT I – DECLARATORY JUDGMENT: COVERAGE FOR ALL DAMAGES ALLEGED IN THE *DIAZ* ACTION IS EXCLUDED UNDER THE POLICY'S PRE-EXISTING/PROGRESSIVE DAMAGE EXCLUSION

28.      MOUNT VERNON incorporates and restates the allegations stated in paragraphs 1-27 as though the same were fully set forth herein.

29.      MOUNT VERNON's Policy contains a Pre-existing or Progressive Damage or Defect Exclusion which bars coverage for property damage which  is alleged to have occurred, in whole or in part, prior to the inception date of the Policy, or which is alleged to be in the process

of occurring prior to the inception date of the Policy. The exclusion also bars coverage for substantially the same condition or defect which existed prior to the inception date of this policy. The exclusion applies regardless of whether or not the insured is aware of such damage.

30.     The complaint in the underlying action alleges that the property damage first occurred years before MOUNT VERNON's coverage became effective, and that it continued to occur during MOUNT VERNON's policy period because Defendants failed or refused to address the root cause of the damage. The complaint alleges that, in April 20202, seven months prior to the inception of MOUNT VERNON's Policy, CORONADO's counsel acknowledged in a letter, "repairs that had gone without attention for years under prior management". These allegations place the subject loss squarely within the pre-existing damage exclusion.

31.     It is the position of MOUNT VERNON that no coverage is afforded under the Policy for the damages claimed against CORONADO, BONAFIDE, INC. and BONAFIDE, LLC in the underlying *Diaz* class action, because coverage for such damages is expressly excluded under the Policy's Pre-existing or Progressive Damage or Defect Exclusion.

32.     Accordingly, it is the position of MOUNT VERNON that it has no duty to defend or indemnify CORONADO, BONAFIDE, INC. or BONAFIDE, LLC against any claims which have been asserted against them in the in the underlying *Diaz* clas action.

33.     MOUNT VERNON is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

34.     An actual, present and justiciable controversy exists between MOUNT VERNON and its insureds, Defendants, CORONADO, BONAFIDE, INC. and BONAFIDE, LLC, warranting the entry of declaratory judgment by this Court.

313837303.v1

35.     Defendants, DIAZ and DIAZ, LLC have been named in this action only insofar as they may have an interest in the outcome of this coverage dispute.

WHEREFORE, Plaintiff, MOUNT VERNON FIRE INSURANCE COMPANY requests that this Court enter judgment in its favor and against Defendants declaring that:

A.     The subject MOUNT VERNON Policy does not afford coverage for Defendants, CORONADO, BONAFIDE, INC. and BONAFIDE, LLC for any damages claimed against them in the underlying *Diaz* class action; and

B.     MOUNT VERNON has no duty to defend or indemnify CORONADO, BONAFIDE, INC. or BONAFIDE, LLC with respect to any claims alleged against them in the underlying *Diaz* class action;

Plaintiff further requests that the Court grant such other relief which the Court deems appropriate and just.

Dated : June 15, 2023

HINSHAW & CULBERTSON, LLP

By: _____*Gary Khutorsky*_____

gkhutorsky@hinshawlaw.com
Stephanie H. Carlton, Esq. (FBN 123763)
scarlton@hinshawlaw.com
201 East Las Olas Blvd., Suite 1450
Ft. Lauderdale, FL 33301
Tel: 954-467-7900
*Fax:954-467-1024*
*Attorneys for Plaintiff,*
*Mount Vernon Fire Insurance Co.*

9

313837303.v1